HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE LUIS MENDOZA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MAKAH TRIBAL COURT,<br><br>　　　　　Respondent. | Case No. 12-CV-5483-RBL<br><br>ORDER APPOINTING COUNSEL AND IN FORMA PAUPERIS STATUS<br><br>(Dkt. #1) |

ORDER - 1

1  Before the Court is Petitioner's application for *in forma pauperis* status and motion for
2  appointment of counsel (Dkt. #1).

3  **APPLICATION FOR *IN FORMA PAUPERIS* STATUS**

4  A district court may permit indigent litigants to proceed *in forma pauperis* upon
5  completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad
6  discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
7  actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th
8  Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed
9  *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the
10 action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369
11 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*
12 complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v.*
13 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
14 1984).

15  Plaintiff has established indigency, and the motion (Dkt. #1) is **GRANTED.**

16  **MOTION TO APPOINT COUNSEL**

17  Whenever a court determines that the interests of justice so require, representation may
18 be provided for any financially eligible person who is seeking habeas relief.  *See* 18 U.S.C.
19 §3006A(a)(2). In order to be entitled to appointed counsel, a habeas petitioner must show that
20 appointed counsel is necessary to prevent due process violations.  *Roe v. Coursey*, 469 F. App'x
21 622, 624 (9th Cir. 2012). Although the Ninth Circuit has not articulated what factors courts must
22 consider when determining if appointed counsel is necessary to prevent due process violations in
23 habeas actions, the Eighth Circuit has utilized the standards set forth pursuant to 28 U.S.C.
24

1 §1915(e) when determining if counsel should be appointed in habeas actions. *Nachtigall v.*

2 *Class*, 48 F.3d 1076, 1081–82 (8th Cir. 1995) ("Factors bearing on this determination include:

3 the factual complexity of the issues; the ability of an indigent to investigate the facts; the

4 existence of conflicting testimony; the ability of an indigent to present his claim; and the

5 complexity of the legal issues."). The Ninth Circuit considers similar factors under 28 U.S.C.

6 § 1915(e).  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

7        Here, the legal and factual issues are complex, a there are several procedural issues that

8 appear difficult to resolve even with a thorough review of the case records.  Appointment of

9 counsel is thus appropriate.  Accordingly, Petitioner's Motion for Appointment of Counsel (Dkt.

10 #1) is **GRANTED**.

12        Dated this 2nd day of November 2012.

15                              Ronald B. Leighton
                              United States District Judge